Footnotes in HTML versions of opinions 
are designated by superscript “balloons” or boxes (click on either for the 
footnote text) and are not numbered. For an exact copy of the opinion, retrieve 
the Adobe PDF version.
 IN THE SUPREME COURT OF TEXAS
════════════
No. 03-0547 

════════════
BMG Direct Marketing, Inc., 
Petitioner,
v.
Patrick Peake, Individually and as 
Representative of Others Similarly Situated, Respondent
════════════════════════════════════════════════════
On Petition 
for Review from the
Court of 
Appeals for the Ninth District of Texas
════════════════════════════════════════════════════
Argued February 
18, 2004
            Justice Hecht, concurring.
            I 
agree with the Court that “the voluntary-payment doctrine’s full-knowledge 
requirement has been met” in this case, and that “the classmembers’ 
unlawful-penalty allegation, under the circumstances presented here, does not 
implicate the type of fraud, duress or coercion that would preclude the 
voluntary-payment defense”. 

 All of the class’s arguments thus having been rejected, and a dispositive 
defense having been conclusively established, the class cannot proceed on any 
claim it has asserted (those being only for damages, not injunctive relief), and 
the case is at an end. Because this is an interlocutory appeal from a class 
certification order, this Court cannot issue a judgment on the merits, so it 
remands the case to the trial court with the elliptic direction to “determine 
the effect of BMG’s voluntary-payment defense on the requirements for class 
certification”. 

 Since “dispositive issues should be resolved by the trial court before 
certification is considered”, 

 and now the Court has resolved a dispositive issue for the trial court, there 
is nothing left for the trial court to do but dismiss the case. I concur in 
remanding the case for that purpose.
 
                                                                        
                                                                        Nathan 
L. Hecht
                                                                        Justice
Opinion delivered: November 
18, 2005